CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 1 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADVENTIS, INC. | ) |
| Plaintiff, | ) Case No. 7:02CV00611 |
| v. | ) MEMORANDUM OPINION |
| BIG LOTS STORES, INC., et al., | ) By: James C. Turk |
| Defendants. | ) Senior United States District Judge |

This matter is before the court on Defendants', Big Lots Stores, Inc. and Consolidated Property Holdings, Inc. ("Big Lots"), Motion to Amend Responses to Plaintiff's ("Adventis") Second Requests for Admissions, pursuant to Rule 36(b) of the Federal Rules of Civil Procedure. In particular, Big Lots requests the court's permission to amend its admissions with respect to whether a likelihood of confusion exists between Adventis' and Big Lots' marks (THE BIG LOT! & BIG LOTS!; BIG!LOTS). For the reasons set forth below, the motion will be granted.

I. Background

Adventis is in the Internet classified advertising business. Through its website, www.thebiglot.com, Adventis provides classified advertising space on the Internet for pre-owned vehicles and disseminates these ads to other websites. Big Lots is a public corporation in the closeout retail business. Through its "Big Lots" stores, Big Lots offers retail merchandise at drastically reduced prices.

On April 25, 2002, Adventis initiated this action against Big Lots for trademark infringement under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and Virginia

1

common law. On August 14, 2002, Big Lots filed a counterclaim against Adventis for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and the common law. On November 12, 2003, the court denied cross-motions for summary judgment on the parties' competing claims of trademark infringement. The court based this decision principally on the lack of similarity between the goods or services that the marks identified and the determination that the marks were so dissimilar that there was no likelihood of confusion. Both parties appealed and the United States Court of Appeals for the Fourth Circuit vacated the order and remanded the proceedings, finding that the court impermissibly disregarded the parties' admissions that the marks were confusingly similar. On April 24, 2006, the court again denied cross-motions for summary judgment finding that genuine issues of material fact still existed as to the trademark infringement claims. On August 8, 2006, Big Lots filed a motion to amend several of their admissions.

Big Lots' Responses to Plaintiff's Second Requests for Admissions concerned Big Lots' U.S. Trademark Applications, Serial Nos. 76/305,489; 490, and Big Lots' U.S. Trademark Registration, No. 2,087,643. On May 15, 2003, Big Lots responded to Adventis' requests for admissions and admitted that there was a likelihood of confusion between their respective marks. Conversely, the proposed amended admissions essentially state that the concurrent use of these marks in connection with Big Lots' services and Adventis' use of Adventis' mark for its services is not likely to cause confusion, mistake and/or deceive the public to believe that there is some affiliation or relationship between Big Lots and/or Big Lots' services and Adventis and/or Adventis' services.

2

III. Applicable Standard

The purpose of requests for admissions, Fed. R. Civ. P. 36(a), is to expedite the trial by establishing certain material facts as true, thus, narrowing the range of issues for trial. Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658 (E.D.N.C. 1988) (citing Asea, Inc., v. Southern Pacific Transportation Co., 669 F.2d 1242, 1248 (9th Cir. 1991). Admissions limit and narrow issues to avoid "ligitation of the *unessential* and *undisputed* facts." Id. at 660 (emphasis added). The court notes that, in the present case, the likelihood of confusion is not unessential as it is one of the central issues of the case. Also, due to Big Lots' present motion before the court, it is certainly not undisputed any longer.

Regardless, "[r]ecognizing that occasions will arise when the binding effect of an admission must be vitiated, Fed. R. Civ. P. 36(b) provides for withdrawal or amendment of admissions." Branch Banking, 120 F.R.D. at 657. It states:

> **(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

There is "absolutely no right to withdraw admissions" and "withdrawal is at the discretion of the court." In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651 (E.D. Va. 1999). "[T]he decision to allow a party to withdraw its admissions is quintessentially an equitable one, balancing the rights to a full trial on the merits, including the presentation of *all* relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute." McClanahan v. Aetna Life Ins. Co., 144 F.R.D. 316, 320 (W.D. Va. 1992)

3

(citing Branch Banking, 120 F.R.D. at 658).

Thus, based on Rule 36(b), the "test for withdrawal or amendment of admissions to interrogatories has two prongs." McClanahan, 144 F.R.D. at 320 (citing Harrison Higgins, Inc. v. AT&T Communications, Inc., 697 F. Supp. 220, 222 (E.D. Va. 1988). First, the court must look to "whether the presentation of the merits will be subserved by allowing the amendment." Id. In other words, the proposed amendments must "facilitate the development of the case in reaching the truth." Farr Man & Co., Inc. v. M/V Rozita, 903 F.2d 871, 876 (1st Cir. 1990). See Banos v. City of Chicago, 398 F.3d 889 (7th Cir. 2005) (holding that a court may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case); Atakpa v. Perimeter OB-GYN Associates, P.C., 912 F. Supp. 1566 (N.D. Ga. 1994) (finding that prohibiting the proposed amendments would impede the trier of fact from reaching the truth). See also McClanahan, 144 F.R.D. at 320 (W.D. Va. 1992) (citing Branch Banking, 120 F.R.D. at 658) (finding that when an admission is made inadvertently, or *new evidence* is discovered after the admission despite due diligence, Rule 36(b) withdrawal should be allowed) (emphasis added); FDIC v. Prusia, 18 F.3d 637 (8th Cir. 1994) (holding that permitting an amendment of responses to requests for admissions is in the interest of justice if the record demonstrates that the "admitted" facts are contrary to actual facts); Ropfogel v. U.S., 138 F.R.D. 579 (D. Kan. 1991) (finding that a court may allow an amendment or withdrawal of admissions when the admission is no longer true because of changed circumstances . . .[or] that the court may look to whether the admission is contrary to the record of the case).

Second, the court must address "whether withdrawal will prejudice the party that has obtained the admissions." McClanahan, 144 F.R.D. at 320. The "prejudice" contemplated by

4

Rule 36(b) relates to the difficulty a party may face as a result of the "sudden need to obtain evidence to prove the matter it had previously relied upon as answered." McClanahan, 144 F.R.D. at 320 (citing Gutting v. Falstaff Brewing Corp., 710 F.2d 1309 (8th Cir. 1983). The test is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than he would have been at the time the admission was made. Team Logistics, Inc. v. OrderPro Logistics, Inc., 2005 WL 1140774, *3 (D. Kan. 2005); Rabil v. Swafford, 128 F.R.D. 1, 2 (D.D.C. 1989).

"'Prejudice' is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth, but rather, relates to the special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of admission." Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147 (6th Cir. 1997). See also Davis v. Noufal, 142 F.R.D. 258 (D.D.C. 1992) (holding that the burden of addressing the merits does not establish "prejudice"). The "special difficulties" referred to in Kerry Steel include the "unavailability of key witnesses in light of the delay." Sonoda v. Cabrera, 255 F.3d 1035 (9th Cir. 2001). "Mere inconvenience" does not constitute "prejudice." Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005); Hadley v. U.S., 45 F.3d 1345 (9th Cir. 1995).

A.

Applying the standard set forth in Fed. R. Civ. P. 36(b), the court finds that Big Lots has met its burden of demonstrating that the presentation of the merits of this action will be subserved and the truth facilitated by allowing the amendments. Big Lots bases their motion to amend on a recent determination by the U.S. Patent and Trademark Office ("PTO") that no likelihood of confusion exists between the disputed marks. This opinion was reported to Big Lots on January

5

11, 2006. The court is well-aware that the determination of the PTO is not conclusive and that their decision is not binding upon the court. See Goya Food Inc. v. Tropicana Products, Inc., 846 F.2d 848, 6 U.S.P.Q. 2d 1950 (2d Cir. 1988). The PTO determination that no likelihood of confusion exists is certainly relevant, however, and could be considered as new evidence. It could also facilitate the development of the case in reaching the truth. In fact, prohibiting the amendments would certainly impede the trier of fact from reaching the truth. If the amendments are prohibited, this issue will never be fully addressed on the merits and the jury will be required to accept a conclusion to a central issue of the case that this court fears is incorrect. Based on the record, the court believes that the goods and services of the respective parties are simply not similar enough to cause confusion between the two marks. To use the language of several cases cited *supra*, the "admitted" facts, based on the record of this case, are arguably contrary to actual facts.

Adventis points to the fact that Big Lots made a contrary argument in its March 24, 2006 Reply in Support of a Motion for Summary Judgment. Adventis claims that this conclusively establishes that the PTO determination is not sufficient to support an amendment under Fed. R. Civ. P. 36(b). This court disagrees. The focus is on whether the merits of this action will be subserved by the amendments and whether the amendments will prejudice the party that has obtained the admissions. See FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) (holding that in order to amend its response to request for admissions, litigant did not have to offer explanation or excuse for its mistake in original response; court is to consider effect upon litigation and prejudice to opposing party). Regardless, the court finds that the recent PTO determination is a meritorious
6

reason[1] to justify an exercise of the court's discretion to grant Big Lots' motion to amend their admissions.[2]

B.

Having established that the matter will be subserved by allowing Big Lots to amend their admissions, the court must now determine whether Adventis has demonstrated that granting the motion to amend will prejudice them. Adventis claims that it will be prejudiced for several reasons: (i) the late stage in the litigation creates prejudice; (ii) it will have to produce evidence of consumer confusion to the trier of fact; (iii) "vital witnesses" will be unavailable because the relevant witnesses are consumers from three years ago; and (iv) creating a reliable consumer survey will be time-consuming and expensive. While the court agrees that several of these points are valid, it is confident that any prejudice faced by Adventis can be adequately addressed by the court.

i.

This court recognizes that not only has Adventis relied on these admissions for an extended period of time, but the trial date is approximately three months away. While the court is sympathetic, mere reliance is not determinative. See Prusia, 18 F.3d at 637 (holding that the "mere fact that a party may have prepared a summary judgment motion in reliance on an opposing

---

[1] Adventis' reliance on In Re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 661 (E.D. Va. 1999), where the court found that there was no meritorious reason to amend, is misplaced as the case can easily be distinguished. In In re Fisherman, the facts were "not just discovered or previously unknown" and the motion was also post-trial. In the instant case, the PTO determination was not reported to Big Lots until January 11, 2006 and the motion to amend is pre-trial.

[2] The other instances that Adventis mentions in their brief occurred well before the PTO informed Big Lots of its determination, therefore, the court finds them irrelevant and does not include them in this discussion.

7

party's erroneous admission does not constitute 'prejudice' such as will preclude grant of a motion to withdraw admissions); In re Guardian Trust Company, 260 B.R. 404 (S.D. Miss. 2000). Also, any discovery issues that Adventis overlooked or did not pursue in reliance on Big Lots' admissions can be resolved by allowing additional discovery. See Team Logistics, Inc. v. OrderPro Logistics, Inc., 2005 WL 1140774, *4 (D. Kan. 2005) (holding that the possibility of prejudice from a lack of discovery can be avoided simply by giving the parties time to conduct additional discovery).

It is also important to note that this motion is being made several months before trial. See Sonoda v. Cabrera, 255 F.3d 1035 (9th Cir. 2001) (holding that plaintiff could not show that he was prejudiced by the district court's withdrawal of admissions because the motion was made pre-trial and he had the opportunity to present his evidence to the factfinder); Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995) (finding that courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial). Because this motion is being made several months before trial, and not during trial, the court does not find that the late stage in the litigation reaches the level of prejudice that would prevent the court from exercising its discretion to allow the amendments. Continuing the trial date and setting a new discovery schedule will cure any prejudice that Adventis may claim on this issue.

ii.

Adventis claims that it will be prejudiced because it will "have to produce evidence of consumer confusion to the trier of fact" (Pl.'s Opp'n 9). The case law cited *supra* clearly indicates that having to convince the finder of fact of the truth of previously obtained admissions or the burden of addressing the merits does not establish the requisite Fed. R. Civ. P. 36(b)

8

"prejudice." Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147 (6th Cir. 1997); Davis v. Noufal, 142 F.R.D. 258 (D.D.C. 1992). See also Security Ins. Co. of Hartford v. Trustmark Ins. Co., 217 F.R.D. 296 (D. Conn. 2002) (finding that the plaintiff did not establish that it would be prejudiced if the admissions were withdrawn other than the burden of addressing a matter previously understood to be resolved). Also, any inconvenience that Adventis may claim does not rise to a level of prejudice that justifies a denial of the motion to amend. Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005); Hadley v. U.S., 45 F.3d 1345 (9th Cir. 1995). Regardless, the court has already granted more time to continue discovery, thus more time to gather evidence of consumer confusion seems similarly warranted. This additional time should cure any inconvenience that Adventis may suffer by the amendment of the admissions.

iii.

Adventis also claims that it will be prejudiced because "vital witnesses" will be unavailable to prove a likelihood of confusion. While the unavailability of key witnesses is an example of the "special difficulties" amounting to prejudice under the Kerry and Sodona cases, this court disagrees that "the relevant witnesses are consumers from three years ago." Adventis points to no case law to support this contention. The query is not limited to whether there was a likelihood of confusion only at the time the case was filed. The second prong to prove trademark infringement under The Lanham Act requires a showing that the defendant's use of a colorable imitation of the trademark "*is likely* to cause confusion among consumers." Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 930 (4th Cir. 1995) (emphasis added). The likelihood or actuality of confusion at the time the case was filed may be relevant, but the inquiry also includes whether a likelihood of confusion exists today. The court finds that there are an

9

abundance of consumers that Adventis may survey on the issue of confusion, thus their claim that key witnesses are unavailable is without merit.

iv

Adventis finally claims that it will be prejudiced because creating a reliable consumer survey will be time-consuming and expensive. The court first notes that allowing the amendments places no higher burden on Adventis than it would have faced had the admissions not been made in the first place. See Upchurch v. USTNET, Inc., 160 F.R.D. 131 (D. Or. 1995) (finding that plaintiff failed to show that withdrawal would prejudice him in maintaining action on merits, in that he did not show that it would be any more expensive for him to conduct discovery currently than it would have been at time he obtained admissions, or that he would be less able currently to obtain evidence required to prove matters which had been admitted). See also Team Logistics, Inc. v. OrderPro Logistics, Inc., 2005 WL 1140774, *3 (D. Kan. 2005); Rabil v. Swafford, 128 F.R.D. 1, 2 (D.D.C. 1989). The court is aware that shouldering the entire burden of proving a likelihood of confusion might place Adventis at a disadvantage, however. Therefore, at the conclusion of the trial, Adventis may petition the court to tax Big Lots for any additional costs incurred from discovery.

C.

Accordingly, even though Big Lots waited several months after the PTO opinion was reported to file this motion, in the absence of actual prejudice, the court will grant Big Lots' motion to amend their admissions. The court is sympathetic to the fact that Adventis has relied on these admissions throughout the litigation, however, denying the motion based only upon this consideration would not serve the overarching principle of facilitating the development of the case

10

in reaching the truth as required by McClanahan. The court finds that Adventis is not any less able to obtain the evidence required to prove the matter which was admitted than it would have been at the time the admission was made. Also, the court is confident that the proposed measures will cure any other prejudice claimed by Adventis. Because the motion satisfies both prongs of the test required by Fed. R. Civ. P. 36(b), the court holds that Big Lots may amend their answers and will substitute the amended answers in their place.

Nonetheless, the court recognizes that re-opening discovery and collecting survey evidence may cause a substantial delay in the proceedings. Therefore, at the conclusion of trial, Adventis may petition the court for any reasonable attorney fees incurred by the delay and additional discovery.

An appropriate order will be entered this date.

ENTER: This __11th__ day of September, 2006.

*James C. Turk*
James C. Turk
Senior United States District Judge

11